In the Matter of the Application of Robert MACKEY, Petitioner,

For a Judgment Pursuant to Article 75 of the Civil Practice Law and Rules,

v.

JAMES SEEMAN STUDIOS, INC., a wholly owned subsidiary of the Masonite Corp., Respondent.

No. 80 Civ. 7089.

United States District Court, S. D. New York.

March 11, 1981.

Jack B. Solerwitz, Mineola, N. Y., by Alan Wolin, Mineola, for plaintiff.

Sullivan & Cromwell by William Ziegler, New York City, for defendant.

## MEMORANDUM OPINION

EDWARD WEINFELD, District Judge.

■ Petitioner Robert Mackey and another employee, Carpenter, members of the same union, were involved in fisticuffs and were thereupon discharged by their employer, respondent James Seeman Studios, Inc. As a result, the union filed separate grievances as provided in the collective bargaining agreement for each employee, and separate arbitrations ensued. The issue before the arbitrator designated to hear petitioner's grievance was whether his discharge was for just cause. After reviewing the details of the altercation between petitioner and Carpenter, the arbitrator found that "the discharge was for just cause." The petitioner's attack upon the award is utterly without substance and requires no discussion other than reliance upon the record. Indeed, the attack upon the award is frivolous.

■ Equally without substance is petitioner's contention that because the union filed separate grievances on behalf of petitioner and Carpenter, which were heard by separate arbitrators, there was a conflict of interest which requires the vacation of the award. Not the slightest factual material has been submitted to show bad faith or arbitrariness on the part of the union.[1] It was not required to be a partisan of either of the antagonists. Indeed, petitioner had his own private attorney present during part of the proceedings who did not object contemporaneously to the union's conduct of the proceedings. Also without merit is petitioner's contention that the union was in conflict of interest which inherently dictates that it unfairly represented him. The union was not required to pursue petitioner's grievance at all, much less through arbitration. Further, positions unions take often affect some members adversely, but the union does not breach its duty of fair representation unless it acts in bad faith.[2] Absent a showing that the union actually

---

1. See *Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967); *Simberlund v. Long Island R. Co.*, 421 F.2d 1219, 1225 (2d Cir. 1970).

2. *Humphrey v. Moore*, 375 U.S. 335, 349–50, 84 S.Ct. 363, 371–72, 11 L.Ed.2d 370 (1946).

took a position in arbitration adverse to him, petitioner cannot prevail.[3]

Respondent's motion is granted in all respects and petitioner's cross-motion is denied.

So ordered.

---

**3.** *Cf. Hill v. Aro Corp.*, 275 F.Supp. 482 (N.D. Ohio 1967).